NO. 07-02-0075-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 23, 2002



______________________________




AUGUSTINE TORRES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 93-416890; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Augustine Torres was convicted of the offense of burglary of a habitation
after a plea of guilty and sentenced to ten years confinement in the Institutional Division
of the Department of Criminal Justice, probated for ten years. On application by the State,
his community supervision was subsequently revoked, and his original sentence was
imposed. Appellant gave notice of appeal from that judgment.

 However, appellant has now filed a motion to dismiss his appeal, which he has
signed. Because the motion meets the requirements of Rule of Appellate Procedure
42.2(a), and this court has not delivered its decision prior to receiving it, the motion is
hereby granted and the appeal is dismissed.

 Having dismissed the appeal at appellant's request, no motion for rehearing will be
entertained, and our mandate will issue forthwith. 


 John T. Boyd

 Chief Justice


Do not publish.




discussion, appellant's attorney stated, "I think they have to make an election as to which
one they're going on." Without acknowledging the statement, the trial court continued its
discussion of the jury charge concluding with request for any objections to the jury charge. 
After the State requested one additional jury instruction which was granted by the trial
court, both sides announced that they had no objections to the jury charge. The case then
went to the jury with both sides making closing statements. During the State's closing
statement, the prosecutor made the statement that "some people require 12 people to
force feed them responsibility. Some people require that." Appellant made no objection. 
Appellant was found guilty and sentenced to 20 years confinement in the Institutional
Division of the Texas Department of Criminal Justice.

 On appeal, appellant contends that the trial court erred in refusing appellant's
request to have the State elect which incident or incidents it was relying upon as evidence
of the two counts of indecency with a child. (1) We affirm.

 A party is required to preserve a complaint for appellate review by (1) making a
timely request, objection, or motion; (2) stating the grounds with sufficient specificity to
make the trial court aware of the complaint; and (3) obtaining from the trial court a ruling,
either expressly or implicitly, or a refusal by the trial court to rule on the request, objection
or motion. See Tex. R. App. P. 33.1. In this case, appellant's statement of "I think they
have to make an election as to which one they're going on" is not a request, objection or
motion. Further, the State correctly points out that, even if the statement can be construed
as a request, the statement is ambiguous in that, since the indictment included two
separate counts, appellant's statement could have referred to an election between the two
counts as easily as a reference to an election between incidents. Finally, assuming
arguendo that appellant's statement could be considered an objection with sufficient
specificity to notify the trial court of appellant's complaint, appellant did not obtain a ruling
either express or implicit. See Wilson v. State, 7 S.W.3d 136, 144 (Tex.Crim.App. 1999). 
A review of the circumstances surrounding appellant's statement of "I think they have to
make an election" fails to provide any evidence that would support an implicit ruling. See
Sauceda v. State, 129 S.W.3d 116, 124 n.6 (Tex.Crim.App. 2004) (an implied ruling can
be inferred from a trial court's actions). Neither the trial court nor the State acknowledged
appellant's statement nor provided any discussion from which we can infer any ruling or
action by the trial court. Hence, we conclude that appellant did not properly preserve his
complaint, and thus, presents nothing for review. 

 For the foregoing reasons, we affirm the trial court's judgment.


 Mackey K. Hancock

 Justice





 

Do not publish. 
1. Appellant also alleged that the State improperly commented on appellant's
exercise of his right to a jury trial during its closing argument. However, appellant concedes
that trial counsel did not make an objection to the State's comment. Hence, we find that
the issue has not been preserved. See Tex. R. App. P. 33.1; see also Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Crim.App. 1996).